**The STATE of Ohio, Appellee,**

v.

**CASTLE; Shonk et al., Appellants.**

[Cite as *State v. Castle* (1994), 92 Ohio App.3d 732.]

Court of Appeals of Ohio,
Wayne County.

No. 2812.

Decided Jan. 12, 1994.

*Corey Spitler,* Wayne County Assistant Prosecuting Attorney, for appellee.

*John E. Johnson, Jr.,* for appellants.

REECE, Judge.

Appellants, Steven Shonk and Eileen Ross, appeal from the Wayne County Municipal Court's order finding them in contempt of court for failure to obey subpoenas requiring their appearance as witnesses. We affirm.

On February 18, 1993, Danny D. Castle was charged with menacing by stalking based on a series of harassing phone calls. The police had traced one of these calls to the apartment where Shonk and Ross lived. Shonk and Ross told police that Castle had been alone in their apartment on the day of the traced call.

On February 26, 1993, the Wayne County Municipal Court issued subpoenas for Shonk, Ross, and four other people to appear as state witnesses at Castle's trial on April 5, 1993. A deputy clerk of the municipal court sent the subpoenas to Shonk and Ross' apartment by regular mail.

At the hearing on the contempt citation, the deputy clerk testified that a week or two before Castle's trial, she ran into Shonk at a local restaurant. Shonk told her he and Ross had been subpoenaed to appear as witnesses but that they would be out of town on a vacation on April 5. The deputy clerk informed Shonk that he needed to talk to the prosecuting attorney. The prosecuting attorney, Jocelyn Stefancin, testified that Shonk called her on April 1 and told her that he would be on vacation and could not appear at Castle's trial. Stefancin asked Shonk why he had waited so long to inform her of his unavailability. Shonk did not give a reason for the delay but simply restated that he was not going to appear. Stefancin informed Shonk about the consequences of failing to appear, including being cited for contempt. Shonk did not ask for a continuance but again stated that he was not going to appear.

Later that same day, Ross called Stefancin and asked for a continuance, explaining that she had won the vacation in a contest and that she and Shonk had just been made aware of the dates of the trip. Stefancin responded that she could seek a continuance if Ross faxed her the information she had received from the company sponsoring the vacation that notified Ross of the trip dates.

Stefancin then told Ross to call her office the following afternoon and she would be told if a continuance was requested. The next day Ross faxed the information but never called. The vacation information revealed that Ross was notified of the vacation dates on March 25, that the vacation began on April 6, and that there was a provision for rescheduling the vacation dates.

On April 5, 1993, the four other subpoenaed witnesses arrived for Castle's 10:15 a.m. trial. Shonk and Ross did not appear, and the prosecution's efforts to locate them were unsuccessful. Prior to trial, Castle requested some time to consider changing his plea. At approximately 11:00 a.m., Castle pled guilty to menacing by stalking.

On May 13, 1993, the municipal court found Shonk and Ross in contempt of court for not appearing under subpoena. The court sentenced them to five days in the county jail and a $250 fine. They appeal, raising two assignments of error.

## Assignment of Error 1

"The trial court erred as a matter of law by ruling that placing a subpoena in the mail constitutes valid service of a subpoena pursuant to Criminal Rule 17."

■ Under R.C. 2705.02(C), "[the] failure to obey a subpoena duly served" constitutes an act in contempt of court. The appellants argue that their subpoenas were not properly served pursuant to Crim.R. 17(D). The language in Crim.R. 17(D) mirrors the language found in Civ.R. 45(C), which addresses service of subpoenas in a civil case. In *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363, the Ohio Supreme Court held that under Civ.R. 45(C), "[w]here a subpoena is left at the business location or place of employment of a witness and where that witness has *actual knowledge* of the subpoena, a valid service of summons has been completed." (Emphasis added.)

In this case, the subpoenas were sent to the appellants' "usual place of residence." Crim.R. 17(D). More importantly, the record amply indicates that the appellants had actual knowledge of the subpoenas and of the consequences that could result from the failure to obey the subpoenas. Consequently, a valid service of summons was completed. The appellants' first assignment of error is overruled.

## Assignment of Error 2

"The trial court erred as a matter of law by finding witnesses in criminal contempt for failure to appear under subpoena for trial when no trial occurred and the witnesses were never called to testify."

The appellants next argue that they could not be found in criminal contempt for failing to appear as witnesses because the trial at which they were to testify was not held. The distinction between civil and criminal contempt is based on the character and purpose of the sanction imposed. *Denovchek, supra,* 36 Ohio St.3d at 16, 520 N.E.2d at 1364. A sanction for civil contempt is designed to be coercive, imposing punishment until the contemnor complies with the court's order. *Id.* A sanction for criminal contempt, on the other hand, is punitive in nature, designed to vindicate the authority of the court by punishing the contemnor for a past refusal to obey an order of the court. *Id.; Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 110, 564 N.E.2d 1089, 1092.

Here, the municipal court was punishing the appellants for their past refusal to appear as witnesses under subpoena. Whether the trial in which the appellants were to testify actually occurred is not relevant to whether the appellants complied with the court's order. The trial was set for April 5. No change occurred in this date prior to the day of trial. The subpoenas required the appellants to be present and to testify at the Wayne County Municipal Court on April 5. The subpoenas, therefore, sought two essential acts from the appellants: (1) their presence to testify, and (2) their actual testimony. The appellants were not present to testify. The fact that their actual testimony was ultimately unnecessary does not alter the fact that the appellants failed to meet their first obligation under the subpoena, their presence in court. Accordingly, the municipal court could properly punish the appellants for their failure to appear under subpoena.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*

COOK, P.J., concurs.

BAIRD, J., concurs separately.

BAIRD, Judge, concurring.

In this case, the trial court found as a fact that both Shonk and Ross received their subpoenas. The issue, then, as I see it, is whether they can be relieved from compliance by reason of a claimed impropriety in the method of serving the subpoenas.

Though Crim.R. 17(G) would seem to require service to support a finding of contempt, a provision as to what constitutes contempt seems to me to be substantive, rather than procedural, thus making this an inappropriate provision for a rule adopted under a grant of authority limited to procedural matters. I believe, however, that this case may properly be considered under more general

principles relating to the inherent powers of the court to require compliance of every person who has knowledge of an order of court.

I concur in the judgment.