STIDAM, Personal Representative of the Estate of Oliver Stidam et al., Appellant,

v.

BUTSCH et al., Appellees.

[Cite as *Stidam v. Butsch,* 151 Ohio App.3d 202, 2002-Ohio-6854.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020127.

Decided Dec. 13, 2002.

204

Mark T. McCloskey, for appellant.

Peter Ulbrich, for appellees.

HILDEBRANDT, Judge.

{¶ 1} Plaintiff-appellant, Oliver Stidam Jr., appeals from the judgment of the Hamilton County Court of Common Pleas granting the motion to dismiss filed by defendants-appellees, Richard L. Butsch, Robert Heis, Ryder Truck Rental, Inc., Ryder Integrated Logistics, Inc. (collectively, "Ryder"), and J.T. Ryerson, Inc., in a wrongful-death action. For the following reasons, we affirm the trial court's judgment in part, reverse it in part, and remand the cause with instructions.

{¶ 2} In April 1999, Oliver Stidam Sr. and Margaret Stidam died from injuries sustained in a vehicular accident that occurred in Ripley County, Indiana. Prior to the accident, the Stidams were residents of Texas. Their vehicle collided

with a tractor-trailer operated by Butsch, who was employed by Ryder in Cincinnati, Ohio. Ryder owned the tractor truck that was involved in the accident. Ryerson owned the trailer that Butsch was pulling and employed Heis as a foreman at its Cincinnati facility.

{¶ 3} In June 2000, Stidam[1] filed suit on behalf of his parents, Oliver Stidam Sr. and Margaret Stidam, in the Hamilton County Court of Common Pleas. He alleged that Butsch had negligently operated the tractor-trailer and that Ryder, Ryerson, and Heis had negligently failed to maintain the tractor-trailer.

{¶ 4} On July 18, 2001, the appellees filed a motion to dismiss or for a change of venue. The trial court issued an opinion stating that while the appellees had waived the issue of improper venue, the action would nonetheless be dismissed on the basis of forum non conveniens. The court then journalized an entry allowing Stidam 60 days to refile the action in Ripley County, Indiana, or to suffer dismissal of the action. The court later extended the time for refiling by an additional 45 days. On January 30, 2002, the court dismissed the action with prejudice, noting that Stidam had failed to refile the action in accordance with the court's previous order.

{¶ 5} Stidam has now appealed, asserting three assignments of error. In his first assignment of error, Stidam argues that the trial court erred in holding that the action was subject to dismissal on the basis of forum non conveniens.

{¶ 6} Forum non conveniens is a common-law doctrine that permits a court to dismiss an action when to do so would further the ends of justice and promote the convenience of the parties, even though proper jurisdiction and venue lie in the court that the plaintiff has chosen.[2] In deciding whether to dismiss an action on the basis of forum non conveniens, the trial court must consider the private interests of the litigants and the public interest involving the courts and the citizens of the forum.[3] Important private interests include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive."[4] The public-interest factors the trial court is to consider "include the

---

1. Throughout this opinion "Stidam" denotes Oliver Stidam Jr.

2. *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 125–126, 519 N.E.2d 370.

3. Id. at 126, 519 N.E.2d 370.

4. Id. at 126–127, 519 N.E.2d 370, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055.

administrative difficulties and delay to other litigants caused by congested court calendars, the imposition of jury duty upon the citizens of a community which has very little relation to the litigation, a local interest in having localized controversies decided at home, and the appropriateness of litigating a case in a forum familiar with the applicable law."[5]

{¶ 7} The disposition of a motion to dismiss on the basis of forum non conveniens is committed to the sound discretion of the trial court.[6] On appeal, a reviewing court is not required to reweigh the public- and private-interest factors relevant to the trial court's decision and must give "substantial deference" to the trial court when its balancing of the factors is reasonable.[7] The appellate court's scope of review is therefore limited to a determination of whether the trial court abused its discretion.[8] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[9]

{¶ 8} In the case at bar, we cannot say that the trial court's decision constituted an abuse of discretion. As the trial court noted, the crux of the controversy lay in Indiana, not in Ohio. The allegedly negligent operation of the vehicle took place in Indiana, and necessary witnesses would likely be beyond the subpoena powers of an Ohio court. Moreover, the decedents and their potential beneficiaries all lived outside Ohio, indicating that an Ohio jury would have little relation to the controversy. Although we are mindful of Stidam's argument that the citizens of Ohio had an interest in preventing defective vehicles from originating in Ohio, the fact remains that, here, the alleged defects in the vehicle caused damage in the state of Indiana. In any event, this asserted Ohio interest did not render the trial court's decision unreasonable, arbitrary, or unconscionable.[10] We therefore overrule the first assignment of error.

---

5. Id. at 127, 519 N.E.2d 370, quoting *Gilbert*, supra, 330 U.S. at 508–509, 67 S.Ct. 839, 91 L.Ed. 1055.

6. *Morton Internatl., Inc. v. Harbor Ins. Co.* (1992), 79 Ohio App.3d 183, 188, 607 N.E.2d 28.

7. Id. at 188–189, 607 N.E.2d 28, citing *Chambers*, supra, 35 OhioSt.3d at 127, 519 N.E.2d 370.

8. Id. at 189, 607 N.E.2d 28.

9. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

10. We also reject Stidam's argument that the trial court erred in failing to explicitly address each of the public and private factors enumerated in *Chambers*. As the *Chambers* court itself noted, the factors are to be applied flexibly, with each case turning on its own facts. See *Chambers*, supra, 35 Ohio St.3d at 126, 519 N.E.2d 370. Here, the trial court weighed the factors that were salient to the controversy, and we find no deficiency in its analysis.

{¶ 9} In his second assignment of error, Stidam contends that the trial court erred in ordering him to refile the action in Indiana or to suffer dismissal of the action in Ohio. We agree. The procedure for staying an action and ordering the refiling of the action in another jurisdiction is authorized only in those cases in which the trial court finds that the county in which the action has been commenced is not a proper venue for the action.[11] Here, the trial court explicitly held that the appellees had waived the issue of improper venue, and it implicitly held, in its opinion regarding forum non conveniens, that venue and jurisdiction were proper in Hamilton County.[12] The trial court thus had no authority under the civil rules to order Stidam to refile the action in Indiana or to suffer dismissal in Ohio. The second assignment of error is sustained.

{¶ 10} In its third assignment of error, Stidam argues that the trial court erred in ordering the action to be dismissed with prejudice. The appellees do not dispute that, in general, dismissals on the basis of forum non conveniens are to be ordered without prejudice.[13] They argue, though, that Stidam's failure to comply with the court's order to refile in Indiana gave the court the authority to dismiss the action, with prejudice, under Civ. R. 41(B)(1). We disagree. Having held that the trial court's order with respect to refiling the case in Indiana was improper, we also hold that the sanction resulting from Stidam's failure to comply with the order—dismissal with prejudice—was erroneous. Moreover, even if the trial court had properly invoked the procedural mechanism of Civ.R. 3(D), the proper action for the court under the explicit language of that rule would have been to dismiss "without prejudice." Accordingly, we sustain the third assignment of error and hold that the trial court erred in dismissing the action with prejudice.

{¶ 11} For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions to enter the dismissal without prejudice.

Judgment accordingly.

DOAN, P.J., and GORMAN, J., concur.

---

11. Civ.R.3(D). See, also, *Chambers*, supra, 35 Ohio St.3d at 132, 519 N.E.2d 370; *Watson v. Driver Mgt., Inc.* (1994), 97 Ohio App.3d 509, 515, 646 N.E.2d 1187. The *Chambers* court stated that the procedure set forth in Civ.R. (3)(D) is to be applied only "in the extremely rare pure transitory action where both plaintiff and defendant are non-Ohio residents and the cause of action arose outside this state, but the defendant is 'caught' and served while momentarily in Ohio." See *Chambers*, supra, 35 Ohio St.3d at 132, 519 N.E.2d 370.

12. See *Chambers*, supra, 35 Ohio St.3d at 126, 519 N.E.2d 370.

13. See, generally, *Leber v. Wuliger* (Jan. 24, 1991), 8th Dist. No. 57880, 1991 WL 6465.