OPINION
{¶ 1} Defendant-appellant, Lawrence Fornash, appeals his conviction in the Butler County Court of Common Pleas for felonious assault with a deadly weapon. We affirm the conviction.
 {¶ 2} On the evening of August 24, 2002, Brian Milliser ("Milliser") went to a party in Middletown, Ohio. At approximately 2:00 a.m., Milliser and a friend left the party to obtain more beer. When Milliser returned to the party, he observed his ex-girlfriend, Rian Simpson ("Simpson"), standing in the road with appellant. Milliser and Simpson have a child together.
 {¶ 3} Milliser and appellant had an altercation when he returned from obtaining more beer. According to appellant, Milliser had a broken beer bottle in his hand Milliser and two of his friends surrounded appellant and brandished broken bottles. Appellant pulled out his pocketknife "to scare" Milliser away. However, appellant maintains that he did not intend to harm Milliser. Appellant insists that Milliser lunged at him at the same time he swung the knife and that caused a stab wound to Milliser's abdomen.
 {¶ 4} According to Milliser, he did not have anything in his hands. Milliser testified that he was talking to Simpson and appellant was standing behind her. Appellant then came around Simpson's left side and stabbed Milliser in the stomach. Appellant then immediately turned and ran. Milliser sat down in the grass until a friend took him to the hospital where he remained in surgery for six hours. The stab wound required 37 staples to close and a six-day hospital stay.
 {¶ 5} Patrolman Carl Jones, of the Middletown Police Department, responded to the dispatch call informing him that a stabbing took place on Sherman Avenue. Tiffany Holland ("Holland") was present at the party and witnessed the altercation between Milliser and appellant. Patrolman Jones spoke with Holland to ascertain the perpetrator of the stabbing. Patrolman Jones noted that Holland was intoxicated that night. The following morning Holland was interviewed. Holland's taped statement alluded that Milliser was the aggressor.
 {¶ 6} On October 16, 2002, appellant was indicted for felonious assault with a deadly weapon. Appellant was tried by a jury on January 14 and 15, 2003. The jury found him guilty of felonious assault with a deadly weapon. He was sentenced to serve six years. Appellant appeals the conviction raising three assignments of error:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred in failing to enforce a subpoena properly served on a critical witness."
 {¶ 9} Appellant argues that Holland was properly served with a subpoena and that there was sufficient evidence of her knowledge of the residential subpoena. Appellant maintains, therefore, that the trial court erred when it refused to issue a warrant for Holland's arrest when she failed to appear for trial.
 {¶ 10} When a subpoena is left at a witness' usual place of residence, or business location, or place of employment, and the witness has actual knowledge of the subpoena, service of summons has been completed. See State v. Castle (1994),92 Ohio App.3d 732, 734; Denovchek v. Trumbull County Bd. of Commissioners
(1988), 36 Ohio St.3d 14; Crim.R. 17(D). A witness's failure to obey a duly served subpoena constitutes contempt of court.Castle at 735.
 {¶ 11} The prosecutor filed a praecipe for a subpoena issued to Holland on December 20, 2002. The Butler County Sheriff's Office Return of Service states, "I Mark Smith received the above on December 26, 2002, and on December 30, 2002 at 12:00 PM I served Tiffany Holland by leaving a copy of the SUBPOENA at her usual place of residence." Appellant's counsel filed a praecipe for a subpoena issued to Holland on January 3, 2003. The Butler County Sheriff's Office Return of Service states, "I Mark Smith received the above on January 6, 2003, and on January 8, 2003 at 10:25 a.m. I served Tiffany Holland by leaving a copy of the SUBPOENA at her usual place of residence."
 {¶ 12} The trial court found that "there is no evidence that [Holland] has been served before me * * * until I'm satisfied that she has knowledge that she has to be here, then I'm not willing to do anything other than continue with the trial." The trial court then informed appellant's counsel, "if you want to make sure she has service, you can certainly again go out tonight and try to find her, then I will listen to the issue tomorrow, but I want to make sure that she was served and she has knowledge."
 {¶ 13} Appellate courts should give great deference to the judgment of the trier of fact. State v. Mills (1992),62 Ohio St.3d 357, 367; State v. George (1989), 45 Ohio St.3d 325, 329. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Klein (1991), 73 Ohio App.3d 486.
 {¶ 14} Furthermore, the court refused to issue a warrant for Holland's arrest stating that "the jury is sworn [and we] have given opening statements." Issuing a warrant for Holland's arrest would require the court to continue the trial and send the jury home until the witness was arrested and brought into court. It is sheer speculation as to how long it might take to locate the missing, recalcitrant witness, be it a few hours, a few days or even longer. Such a remedy, therefore, is an inefficient and undesirable way to administer justice. State v. Brock,
Montgomery App. No. 19291, 2002-Ohio-7292, at ¶ 40.
 {¶ 15} Since there is no evidence that Holland had actual knowledge of the residential subpoena, she was not properly served. Therefore, she was not required to appear. Furthermore, the record indicates that appellant was aware of Holland's statement for more than a week before trial, but failed to personally serve Holland Consequently, the trial court did not commit error, much less abuse its discretion, when it declined to pursue a warrant to remedy Holland's failure to appear.
 {¶ 16} A second option available to the trial court was to declare a mistrial if the missing witness was reasonably required for the presentation of a defense. However, appellant did not ask for that relief. Having failed to request that form of relief, appellant waived his right to argue on appeal that he was prejudiced by Holland's failure to appear and/or the trial court's refusal to issue an arrest warrant for Holland and continue the trial until she could be found. Brock,
2002-Ohio-7292 at ¶ 40. Consequently, the first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "The state failed to disseminate conceded brady
evidence in a timely manner."
 {¶ 19} One day before trial the assistant prosecuting attorney served appellant's counsel with a copy of Holland's statement. Appellant argues that "the State's failure to disseminate conceded Brady evidence, [Holland's statement,] in a timely manner contravened [appellant's] rights under the Due Process Clauses of the Ohio and Federal Constitutions."
 {¶ 20} However, a violation of Brady v. Maryland (1963),373 U.S. 83, 83 S.Ct. 1194, occurs only where suppressed exculpatory evidence is discovered after trial. Where exculpatory evidence is revealed prior to trial, the state has timely disclosed the evidence and there is no violation that would require a reversal or mistrial. State v. Smith (Sept. 21, 1998), Clermont App. No. CA97-08-074; Crim.R. 16(B)(1)(f).
 {¶ 21} The state disclosed Holland's statements on January 3, 2002, approximately 11 days before trial. In a supplemental discovery response, the state then furnished appellant with a copy of Holland's statement on January 13, 2003, the day before trial. Therefore, appellant knew of Holland's statement before trial and appellant proffered the statement at trial. The potentially exculpatory evidence was timely disclosed in accordance with Crim.R. 16(B)(1)(f). Consequently, the assignment of error is overruled.
 {¶ 22} Assignment of Error No. 3:
 {¶ 23} "Fornash was denied effective assistance of trial counsel."
 {¶ 24} Appellant argues that his trial counsel failed to "request dispositive jury instructions" and failed to "request the judicial enforcement of [a] properly served subpoena." Appellant argues that these omissions deprived him of his right to effective counsel.
 {¶ 25} To prevail on a claim of ineffective assistance of counsel, an appellant must show both deficient performance by counsel and resulting prejudice. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Deficient performance means that claimed errors were so serious that defense counsel was not functioning as the "counsel" that the Sixth Amendment guarantees; prejudice means that counsel's errors compromised the reliability of the trial. Id.
 {¶ 26} Appellant contends that trial counsel was ineffective for failing to request "the `Accident' instruction found at Ohio Jury instructions § 411.01." These instructions were pertinent, appellant argues, because "appellant testified he swung his opened pocket-knife at the complaining witness to scare him away, but that he did not intend to stab him."
 {¶ 27} 4 Ohio Jury Instructions (2003), Section 411.01(2), at 69 states, "an accidental result is one that occursunintentionally and without any design or purpose to bring itabout. An accident is a mere physical happening or event, out of the usual order of things and not reasonable (anticipated) (foreseen) as a natural or probable result of a lawful act." (Emphasis added.)
 {¶ 28} Reviewing the record, we cannot say that counsel's failure to request the instruction on accident fell outside of the wide range of reasonable assistance. Appellant testified, "I swung the knife, I intended for [Milliser] to back up away from me." Appellant's admittedly intentional act did not warrant the jury instruction on accident. Appellant's counsel requested instruction for self-defense and aggravated assault. Based upon the particular facts of this case, we cannot find prejudice to appellant, given the sufficiency of the self-defense and aggravated assault instructions. See State v. Clagg (Dec. 1, 1994), Franklin App. No. 94APA03-397.
 {¶ 29} Appellant also argues that trial counsel was ineffective for failing to "request the judicial enforcement of [a] properly served subpoena." However, as discussed in the first assignment of error, the trial court determined that there is no credible evidence on the record showing that Holland had been duly served with a subpoena to appear at appellant's trial. After reviewing the record in this case, we find that appellant has failed to demonstrate deficient performance by counsel and resulting prejudice. Strickland at 689. The assignment of error is overruled.
 {¶ 30} Judgment affirmed.
YOUNG, J., concurs.
VALEN, P.J., concurs in judgment only.