DECISION
{¶ 1} Plaintiff-appellant, Public Employees Retirement System of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas dismissing its complaint against defendant-appellee, Sanford Edelman. Because the trial court properly dismissed appellant's complaint, we affirm that judgment.
 {¶ 2} On March 11, 2003, appellant filed a complaint against appellee. In that complaint, appellant averred that appellee's mother, Emma Edelman, was entitled to monthly retirement benefits until she died. These benefits were deposited directly into a checking account that listed appellee as a payee upon his mother's death. Mrs. Edelman passed away on January 3, 1999; however, appellant did not receive notice of her death until November 22, 1999. Before appellant learned of Mrs. Edelman's death, it made monthly benefit payments to her checking account in the amount of $2,057.66. Appellant averred that appellee, as payee of the account upon his mother's death, wrongfully received this money and refused to return it after appellant's demand.
 {¶ 3} Appellee is a resident of Arizona. After he received service of appellant's complaint by certified mail, he filed an answer to appellant's complaint and a motion to dismiss that complaint for lack of personal jurisdiction. On May 20, 2003, the trial court granted appellee's motion and dismissed this matter because it lacked personal jurisdiction over appellee.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erred by failing to follow procedures mandated by ohio civil rule 3(d) when it dismissed this action instead of staying [the] case.
 {¶ 5} Appellant does not contend that the trial court erred when it determined that it lacked personal jurisdiction over appellee. Rather, appellant contends the trial court should have stayed the matter, pursuant to Civ.R. 3(D), instead of dismissing its complaint. We disagree.
 {¶ 6} Civ.R. 3(D) states
When a court, upon motion of any party or upon its own motion, determines: (1) that the county in which the action is brought is not a proper forum; (2) that there is no other proper forum for trial within this state; and (3) that there exists a proper forum for trial in another jurisdiction outside this state, the court shall stay the action upon the condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. * * * If all defendants do not agree to or comply with the conditions, the court shall hear the action.
 {¶ 7} Appellant's reliance on this rule is misplaced, as the rule deals with venue and not the court's jurisdiction over appellee. McAllen v. American States Ins. (Oct. 20, 2000), Mahoning App. No. 99 CA 159. The procedure in Civ.R. 3(D) is authorized only in those cases where the trial court finds that the county in which the action has been commenced is not a proper venue for the action. Stidam v. Butsch, 151 Ohio App.3d 202,2002-Ohio-6854, at ¶ 9. In the case at bar, the trial court dismissed the matter because it lacked personal jurisdiction over appellee. Accordingly, because the trial court did not find venue improper in Franklin County but, instead, found that it lacked personal jurisdiction over appellee, the trial court was not obligated to stay the matter pursuant to Civ.R. 3(D) and did not err by dismissing the matter.
 {¶ 8} Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Sadler, J., concur.