**STIDHAM, Admr., Appellant,**

v.

**BUTSCH et al., Appellees.**

[Cite as *Stidham v. Butsch,* 163 Ohio App.3d 227, 2005-Ohio-4591.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040219.

Decided Sept. 2, 2005.

228

See also 151 Ohio App.3d 202, 2002-Ohio-6854, 783 N.E.2d 935.

Clements, Mahin & Cohen, L.L.P., Mark T. McCloskey, and Catharin R. Taylor, for appellant.

Peter Ulbrich, for appellees.

Doan, Presiding Judge.

{¶ 1} In April 1999, Oliver Stidham Sr. and his wife, Margaret Stidham, were killed when their vehicle collided with a tractor-trailer operated by defendant-appellee Richard L. Butsch. The accident occurred in Ripley County, Indiana. Butsch, a resident of Kentucky, was employed by defendants-appellees Ryder

Truck Rental, Inc., and Ryder Integrated Logistics, Inc. (collectively, "Ryder") in Cincinnati, Ohio. Ryder, which was incorporated in Florida, owned the tractor truck that Butsch was driving, and defendant-appellee J.T. Ryerson & Son, Inc., ("Ryerson"), a Delaware corporation, owned the trailer that Butsch was pulling when the accident occurred. Defendant-appellee Robert Heis was employed by Ryerson as a foreman at its Cincinnati facility. At the time of the accident, the Stidhams were Texas residents who lived and worked in Indiana. Estates were opened for Oliver Sr. and Margaret Stidham in Indiana.

{¶ 2} Plaintiff-appellant, Oliver Stidham Jr. ("Stidham"), filed suit in June 2000 on behalf of his parents, Oliver Sr. and Margaret, in the Hamilton County Court of Common Pleas. Stidham alleged that Butsch had negligently operated the tractor-trailer and that Ryder, Ryerson, and Heis had negligently failed to maintain the tractor-trailer.

{¶ 3} Defendants filed a motion to dismiss or for a change of venue. The trial court issued an opinion stating that the motion for a change of venue would be "conditionally granted" on the basis of forum non conveniens. The conditions included the defendants' consenting to be sued in Indiana. The trial court subsequently journalized an entry granting the motion for a change of venue on the basis of forum non conveniens. The entry stated that the proper forum for the action was Ripley County, Indiana. The entry also stated that the defendants consented to be sued in Indiana, agreed to make any necessary documents or witnesses available in Indiana, waived any statute-of-limitations defense available in Indiana, and consented to satisfy any judgment rendered against them in Indiana. Further, the entry stated that the date of the filing of the action in Ohio was to be considered the applicable date for statute-of-limitations purposes in Indiana. The trial court allowed Stidham 60 days to file suit in Indiana or to suffer dismissal of the action. The time for filing was later extended for an additional 45 days. On January 30, 2002, the trial court dismissed the action with prejudice, noting that Stidham had failed to file the action in Indiana.

{¶ 4} Stidham appealed the trial court's judgment. In *Stidam* v. *Butsch,* 151 Ohio App.3d 202, 2002-Ohio-6854, 783 N.E.2d 935, this court upheld the trial court's dismissal of the action on the basis of forum non conveniens, but held that the action should have been dismissed without prejudice. The case was remanded to the trial court with instructions to enter the dismissal without prejudice.

{¶ 5} Stidham filed the complaint on January 27, 2003, pursuant to R.C. 2305.19, Ohio's saving statute. Defendants, citing the prior decisions of this court and the trial court, filed a motion to dismiss the complaint or for summary judgment on the basis of res judicata or collateral estoppel. Defendants also filed

a motion to dismiss or for a change of venue on the basis of forum non conveniens. The trial court, citing the prior decisions, granted the defendants' motions and stated, "Pursuant to the doctrine of forum non conveniens, plaintiff's case is hereby dismissed without prejudice." Stidham has appealed.

{¶ 6} The sole assignment of error alleges that the trial court erred in "granting defendants' motion for summary judgment/dismissal/for change of venue."

{¶ 7} We note initially that the trial court did not dismiss Stidham's case on the basis of res judicata or law of the case. The trial court dismissed the case "pursuant to the doctrine of forum non conveniens." We interpret the trial court's decision to reflect that the court considered all the materials submitted by the parties and ultimately came to the same conclusion as the trial court and this court in the original case: that a dismissal pursuant to the doctrine of forum non conveniens was appropriate.

{¶ 8} The doctrine of forum non conveniens permits a court to dismiss an action in order to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff. See *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370; *Stidam v. Butsch,* supra. In determining whether a dismissal is proper on the basis of forum non conveniens, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state. See id. Important private interests include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Chambers v. Merrell–Dow Pharmaceuticals,* supra, at 126–127, 519 N.E.2d 370, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055. "Public interest factors to be considered include the administrative difficulties and delay to other litigants caused by congested court calendars, the imposition of jury duty upon the citizens of a community which has very little relation to the litigation, a local interest in having localized controversies decided at home, and the appropriateness of litigating a case in a forum familiar with the applicable law." *Chambers* at 127, 519 N.E.2d 370, citing *Gilbert,* supra, at 508–509, 67 S.Ct. 839, 91 L.Ed. 1055. Because the central purpose of a forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice of forum deserves less deference than that of a plaintiff who has chosen his home forum. See *Chambers* at 127, 519 N.E.2d 370.

{¶ 9} The disposition of a motion to dismiss on the basis of forum non conveniens is committed to the trial court's sound discretion. See id.; *Morton Internatl., Inc. v. Harbor Ins. Co.* (1992), 79 Ohio App.3d 183, 607 N.E.2d 28. An appellate court's scope of review is limited to a determination whether the trial court abused its discretion. See id. An abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 10} In *Stidam v. Butsch*, 151 Ohio App.3d 202, 2002-Ohio-6854, 783 N.E.2d 935, at ¶ 8, we stated that "we cannot say that the trial court's decision constituted an abuse of discretion. * * * [T]he crux of the controversy lay in Indiana, not in Ohio. The allegedly negligent operation of the vehicle took place in Indiana, and necessary witnesses would likely be beyond the subpoena powers of an Ohio court. Moreover, the decedents and their potential beneficiaries all lived outside Ohio, indicating that an Ohio jury would have little relation to the controversy. Although we are mindful of Stidham's argument that the citizens of Ohio have an interest in preventing defective vehicles from originating in Ohio, the fact remains that, here, the alleged defects in the vehicle caused damage in the state of Indiana. In any event, this asserted Ohio interest did not render the trial court's decision unreasonable, arbitrary, or unconscionable.

{¶ 11} The considerations that have led two trial courts and this court to determine that the case should be dismissed on the basis of forum non conveniens have not changed. We note that the original trial court's entry of dismissal was, pursuant to *Chambers v. Merrell–Dow Pharmaceuticals, Inc.*, supra, conditioned upon the fact that the defendants consented to be sued in Indiana, agreed to make any necessary documents or witnesses available in Indiana, waived any statute-of-limitations defense available in Indiana, and consented to satisfy any judgment rendered against them in Indiana. Further, the entry stated that the date of the filing of the action in Ohio was to be considered the applicable date for statute-of-limitations purposes in Indiana. These conditions were placed in the first trial court's entry in order to ensure that Stidham had a forum in which to bring his action. The availability of an alternative forum is one of the factors to be considered in determining whether to dismiss a case on the basis of forum non conveniens.

{¶ 12} We hold that the trial court in the instant case should have included the above conditions in its entry dismissing the case on the basis of forum non conveniens, and we hereby modify the trial court's entry to include them. We further hold that the trial court's judgment as modified does not constitute an

abuse of discretion. We overrule the assignment of error and affirm the trial court's judgment as modified.

Judgment affirmed
as modified.

HILDEBRANDT and SUNDERMANN, JJ., concur.