[Cite as *State ex rel. Capital One Bank (USA) N.A. v. Karner*, 2011-Ohio-6439.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96739**

## STATE OF OHIO,   EX REL.
## CAPITAL ONE BANK (USA) N.A.

RELATOR

vs.

## JUDGE CHERYL S. KARNER, ET AL.

RESPONDENT

## JUDGMENT:
## WRITS DISMISSED

Writ of Mandamus and of Prohibition
Motion No. 444684
Order No. 448718

**RELEASED DATE:**   December 13, 2011

**ATTORNEYS FOR RELATOR**

Kimberly Y. Smith Rivera
James S. Wertheim
McGlinchey Stafford, PLLC
25550 Chagrin Blvd.
Suite 406
Cleveland, OH 44122

**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   Charles E. Hannan, Jr.
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   On April 29, 2011, the relator, Capital One Bank (USA) N.A. ("Capital One") commenced this prohibition and mandamus action against the respondent, Judge Cheryl Karner.   Capital One is asking this court to prevent the judge from taking any action against Capital One for not responding to a subpoena and an order to compel and to have her vacate in its entirety her order granting the motion to compel in the underlying case, *Feinerer v. Feinerer*, Cuyahoga County Common Pleas Court, Domestic Relations Division Case No. DR-10-332088.   Capital One argues that the respondent judge lacks subject matter jurisdiction over it, because as a non-party, non-domiciliary, the bank is

beyond the respondent's subpoena power and service of the subpoena was improper.

{¶ 2} Capital One also sought an alternative writ, which this court granted, prohibiting the respondent from going forward with a hearing for sanctions and attorney's fees until this court resolved this writ action. The court also ordered a briefing schedule. Thus, on May 20, 2011, the respondent moved to dismiss, and on June 10, 2011, Capital One filed its brief in opposition. For the following reasons, this court grants the respondent's motion to dismiss.

{¶ 3} Capital One is a national bank, organized under the National Bank Act, Section 1 et seq., Title 12, U.S. Code. It is located in Virginia, and does not have an Ohio statutory agent.

{¶ 4} In July 2010, in the underlying divorce case, the wife's attorney sought to issue a subpoena on Capital One to obtain information and various records about the husband, such as credit applications, credit reports, records of accounts, funds on deposit, and amount of income. The lawyer sent a subpoena to Capital One via CSC Lawyers Incorporation Service (hereinafter "CSC") and another subpoena to Capital One Services, Inc., also via CSC. CSC sent the lawyer a notice of rejection of service concerning the Capital One subpoena because there was no entity with Capital One's name on file with the Ohio Secretary of State. Capital One Services, Inc. no longer existed, so CSC served that subpoena upon its successor, Capital One Services, LLC, which is related to Capital One, but is a different entity. Capital One Services, LLC was not in possession of the requested records and information, so it forwarded a courtesy copy of the subpoena to

Capital One.

**{¶ 5}** On August 6, 2010, Capital One sent the attorney a letter stating that it was "in receipt of the subpoena" directed to Capital One Services. (Exhibit F to the complaint.) The letter stated that Capital One could not respond to the subpoena because it was the wrong entity; the subpoena was not properly served; the state court exceeded its jurisdiction in trying to serve a subpoena outside of its territory; the attorney did not use the proper means (the Uniform Foreign Depositions Act or R.C. 2319.09) to issue a subpoena in Virginia; and Capital One, under federal law, could only release the requested personal information pursuant to a properly issued and served subpoena. Capital One did not provide any of the requested records or information.

**{¶ 6}** On October 8, 2010, the wife's attorney filed a motion to compel in the underlying case in which he stated that he had served Capital One and Capital One Services via CSC, their statutory agent; that CSC had sent a rejection of service; and that Capital One acknowledged receipt of a subpoena and tried to explain why it could not comply. The attorney asserted that Capital One was blatantly ignoring its responsibilities and asked the court to issue an order compelling Capital One to release the records and to pay the wife's attorney fees.

**{¶ 7}** On October 13, 2010, the respondent judge granted the motion to compel and ordered Capital One to respond to the subpoena by October 26, 2010. The respondent passed the issue of sanctions and attorney's fees to the final hearing.

**{¶ 8}** Capital One maintains that it was not served with this order and did not

learn of it until November 9, 2010. On November 17, 2010, Capital One made a limited appearance to contest jurisdiction over it and to file a motion to vacate the October 13, 2010 order.

{¶ 9} Subsequently, the husband in the underlying action issued a release of his personal information, and Capital One fully provided all of the requested records and information. On April 1, 2011, the respondent judge issued a journal entry vacating the October 13, 2010 order and noted that Capital One produced all the requested documents and would continue to produce requested records if the parties provide the necessary releases. The respondent further ruled that attorney's fees and sanctions would be decided at the final hearing. Capital One then commenced this writ action in prohibition to prevent such a hearing and in mandamus to vacate the order concerning sanctions and attorney's fees.

{¶ 10} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe* (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within

its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke County* (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas* (1940), 137 Ohio St. 273, 28 N.E.2d 273, and *Reiss v. Columbus Municipal Court* (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.

{¶ 11} Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush* (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and *State ex rel. Csank v. Jaffe* (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. But absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage County Court of Common Pleas* (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott* (1973), 36 Ohio St.2d 127, 304 N.E.2d 382.

{¶ 12} Similarly, the requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at

law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; *State ex rel. Shafer v. Ohio Turnpike Commission* (1953), 159 Ohio St. 581, 113 N.E.2d 14; *State ex rel. Connole v. Cleveland Board of Education* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and *State ex rel. Dayton-Oakwood Press v. Dissinger* (1940), 32 Ohio Law Abs. 308.

{¶ 13} If a court is without jurisdiction to render a judgment, mandamus will lie to compel the court to vacate its judgment and findings. *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650. This is the principle on which Capital One premises its claim for mandamus.

{¶ 14} Like prohibition, the court has discretion in issuing mandamus. In *State ex*

*rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The *Pressley* court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. *** Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." Id. at 161-162, see, also, *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 378 N.E.2d 152; *State ex rel. Dollison v. Reddy* (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and *State ex rel. Mettler v. Commissioners of Athens County* (1941), 139 Ohio St. 86, 38 N.E.2d 393.

{¶ 15} Capital One's first argument is that the respondent judge lacks jurisdiction to assess sanctions and attorney's fees for failure to comply with the subpoena because the subpoena was not served on Capital One. It reasons that CSC rejected the actual Capital One subpoena and that the Capital One Services, Inc. subpoena was for a

different entity. Therefore, Capital One was never served with the necessary subpoena, and the trial court did not have jurisdiction to enforce it. Capital One cites to various cases to support its position. In *Amos Suburban Newspapers v. Platt* (May 17, 1996), Montgomery App. No. 15431, the court of appeals upheld the trial court's decision not to enforce some subpoenas: "Since the subpoenas were defective, * * * the referee would have had no judicial power to enforce those subpoenas." (Page 3 of the slip opinion). In *Carosella v. Conwell* (2000), 138 Ohio App.3d 688, 742 N.E.2d 188, discretionary appeal not allowed (2000), 90 Ohio St.3d 1484, 738 N.E.2d 1256, the trial court had granted a motion for new trial in part because an entity had not responded to a subpoena. On appeal, this court reversed and ruled that the subpoena was not actually served on the entity and that failure to respond to a non-served subpoena was not grounds for a new trial. In *Stammen v. Woodruff* (Sept. 29, 1981), Darke App. No. 1039, the appellant argued, inter alia, that the trial court erred in quashing a subpoena duces tecum for a doctor's record. The court of appeals affirmed on the grounds that the subpoena was not served and that the trial court committed no error in quashing the service.

{¶ 16} Capital One admits, however, that it received a subpoena for a related entity and knew that records and information were needed in an Ohio divorce case. In *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, the Supreme Court of Ohio stated: "where that witness has actual knowledge of the subpoena, a valid service of summons has been completed. Further, we do not approve of * * * action in what appeared to be a willful avoidance of service." See, also,

*State v. Castle* (1994), 92 Ohio App.3d 732, 637 N.E.2d 80, discretionary appeal not allowed (1994), 69 Ohio St.3d 1452, 633 N.E.2d 545; *State v. Thompson* (Dec. 4, 1998), Clark App. No. 98 CA 7. Thus, this court concludes that the actual receipt and knowledge of the Capital One Services, Inc. subpoena was a sufficient valid service under Ohio law to vest the trial court with enough jurisdiction to determine its own jurisdiction. This court also notes that in the cases upon which Capital One relies, the issue of the validity of service was resolved on appeal. Thus, at least as to the service issue, the writ of prohibition will not lie.

{¶ 17} Capital One's second argument is that even if the subpoena was served, the respondent judge lacked jurisdiction to enforce the subpoena, because Capital One is beyond the trial court's subpoena power. Capital One's authority for this proposition just generally recognizes the statewide power of subpoena.[1] None of the cases Capital One relies on provide a definitive proclamation of an Ohio court's subpoena power. Rather, the courts are merely noting the scope of the subpoena power in deciding other issues such as forum non conveniens, the authority of a court to order a party to file an action in another state, the admission of evidence, and granting a default judgment. Indeed, Capital One recognizes that there is a "dearth of cases" which adjudicate the

---

[1] In *McFarland v. Slattery* (Jan. 13, 1983), Cuyahoga App. No. 44434, this court stated: "the subpoena power of the court did not reach out-of-state witnesses." (Pg. 2 of the slip opinion.) In *Fairmount Richmond Condominium Assoc. v. Warren Roofing & Insulating Co.* (Jan. 24, 1985), Cuyahoga App. No. 48076, this court noted: "This fact [that the witness was not currently in Cuyahoga County] alone does not place the witness beyond the statewide subpoena power of the court." (Pg. 3 of the slip opinion.) Similarly in *Stidam v. Butsch,* 151 Ohio App.3d 202, ¶8, 2002-Ohio-6854, 782 N.E.2d 935, the court stated that "[t]he allegedly negligent operation of the vehicle took place in Indiana, and necessary witnesses would likely be beyond the subpoena powers of an Ohio court." In *Abraham v. Werner Enterprises,* Erie App. No. E-02-013, 2003-Ohio-3091, ¶33, the court stated, "it is undisputed that Henn lived in Nebraska and was therefore beyond the subpoena power of the court."

scope of the subpoena power.

{¶ 18} Nevertheless, Capital One characterizes the limitations on subpoena power as subject matter jurisdiction: "The issue here is whether Respondent had subject matter jurisdiction to entertain a motion for sanctions based upon a subpoena that was directed to a *non-party, non-domiciliary* entity, * * *." (Pg. 12 of Capital One's brief in opposition. Italics and underline in the original brief.) Capital One argues that if the subpoena was never served or the entity was beyond the subpoena power of the state, "then such a subpoena can never properly be before the court for adjudication of sanctions, and constitutes a subject matter over which Ohio courts lack subject matter jurisdiction." (Pg. 13 of Capital One's brief in opposition.) Capital One concludes by asserting that because it is patent and obvious that service was never made and that it is an entity outside of the court's subpoena power, then the respondent is patently and unambiguously without jurisdiction to conduct the sanctions hearing, and that the element of an adequate remedy at law need not be considered .

{¶ 19} Subject matter jurisdiction, however, is not at issue in the present case. "Jurisdiction of the subject matter is defined generally as power of the tribunal to hear and determine a case because it is one of the class of cases over which the tribunal has power to exercise jurisdiction." *State ex rel. Vernon Place Extended Care Center, Inc. v. State Certificate of Need Review Board* (Aug. 11, 1983), Franklin App. No. 82AP-1044; and *State v. Swiger* (1998), 125 Ohio St.3d 456, 708 N.E.2d 1033. The United States Supreme Court has emphasized the need to carefully use the terms "subject

matter jurisdiction" and "personal jurisdiction." "Courts, including this Court, ... have more than occasionally [mis]used the term 'jurisdictional' to describe emphatic time prescriptions in [claim processing] rules .... Classifying time prescription, even rigid ones, under the heading 'subject matter jurisdiction' can be confounding. Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the class of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Scarborough v. Principi* (2004), 541 U.S. 401, 413-414, 158 L.Ed.2d 674, 124 S.Ct. 1856, quoting *Kontrick v. Ryan* (2004), 540 U.S. 443, 454-455, 124 S.Ct. 906, 157 L.Ed.2d 867.

{¶ 20} The respondent judge has subject matter jurisdiction over the underlying divorce case. R.C. 3105.011. She also has basic subject matter jurisdiction over discovery, sanctions, and contempt. Civ.R. 45(E). Indeed, the respondent judge has the inherent power to punish for contempt. "The difference between the jurisdiction of courts and their inherent powers is too important to be overlooked. In constitutional governments their jurisdiction is conferred by the provisions of the constitutions and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. The power to maintain order, to secure the attendance of

witnesses to the end that the rights of parties may be ascertained, and to enforce process to the end that effect may be given judgment, must inhere in every court or the purpose of its creation fails." *State ex rel. Richard v. Cuyahoga Cty. Bd. Of Commrs.* (1995), 100 Ohio App.3d 592, 597, 654 N.E.2d 443, citing *Hale v. State* (1896), 55 Ohio St. 210, 213, 45 N.E. 199. Thus, the respondent has subject matter jurisdiction, indeed the inherent power, to adjudicate the matters before her.

{¶ 21} To the extent that personal jurisdiction is at issue, the Supreme Court of Ohio has ruled "that issuance of a writ of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an 'extremely rare occurrence." *State ex rel. Suburban Constr. Co. v. Skok* (1999), 85 Ohio St.3d 645, 647, citing *Clark v. Connor* (1998), 82 Ohio St.3d 309, 315, 695 N.E.2d 751, 757. In such cases, the lack of personal jurisdiction must be premised on the lack of minimum contacts between the litigant and the forum state. *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407.

{¶ 22} In the present case Capital One maintains sufficient minimum contacts between itself and Ohio to vest Ohio with personal jurisdiction. Soliciting and providing credit cards to Ohioans and then enforcing the debt generated thereby provide sufficient minimum contacts. Indeed, Capital One admits this in its brief in opposition. (Pg. 6.)

{¶ 23} *Skok* is particularly informative. In that case the petitioner sought a writ of prohibition on the grounds, inter alia, that the respondent judge lacked jurisdiction

because the petitioner had not been properly served. In affirming the court of appeals dismissal of the application for a writ, the Supreme Court of Ohio ruled: "[The] claim is not cognizable in prohibition. If contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie." 85 Ohio St.3d at 646. The Supreme Court of Ohio concluded that the proper remedy would be a motion to quash and an appeal, if necessary. See also, *State ex rel. Ruessman v Flanagan* (1992), 65 Ohio St.3d 464, 805 N.E,2d 31; and *State ex rel. Gelman v. Lorain Cty. Court of Common Pleas* (1961), 172 Ohio St. 73, 173 N.E.2d 344.[2] Thus, lack of personal jurisdiction does not provide a basis for issuing an extraordinary writ.

{¶ 24} Finally, although Capital One endeavors to characterize the issue as one of subject matter jurisdiction, this court discerns the issue is really one of territorial jurisdiction. As shown above, this writ action is not about the classes of cases that respondent may hear or about the minimum contacts between Capital One and Ohio. Instead, the issues are whether the subpoena power of Ohio "has been restricted to the territory of the state" (Capital One's Brief in opposition, Pg. 7) and what is the

---

[2]The cases cited by Capital One confirm the principle that an appropriate motion in the trial court, followed by an appeal, if necessary, is an adequate remedy. In *State of North Carolina Guilford County AARP v. American Family Prepaid Legal Corp.* (Feb. 23, 2007), Guilford Case No. 06 CVS 10216, 2007 WL 2570841, an out-of-state entity successfully sought to quash a North Carolina subpoena through a motion to quash, not an extraordinary writ. In *Phillips Petroleum Co. v. OKC Ltd. Partnership,* (La. 1994), 634 So.2d 1186, the out-of-state entity obtained its desired relief when the Louisiana Supreme Court reversed on appeal the denial of a motion to quash. Similarly, the Alabama Supreme Court on appeal reversed a contempt citation issued against a non-party foreign corporation for failing to respond to a subpoena. *In re Natl. Contract Poultry Growers' Ass'n.* (Ala. 2000), 771 So.2d 466. In *Doe I v. Pauliewalnuts* (W. D. Va. Sept. 19, 2008), Case No. 5:08MC00001, 2008 WL 4326473, the federal district court granted a motion to quash an invalid subpoena. Again, in *Cuthbertson v. Excel Industries, Inc.* (D. Kan., 1998), 179 F.R.D. 599, the federal district court granted a motion for a protective order, not an extraordinary writ.

appropriate remedy. Capital One has not cited cases granting prohibition on lack of territorial jurisdiction, and this court declines to do so. This is the same conclusion reached by the Supreme Court of Arkansas in *Hobbs v. Reynolds* (2008), 375 Ark. 313, 289 S.W.2d 917 - territorial jurisdictional claims can be raised on direct appeal, not through prohibition.

{¶ 25} Accordingly, this court grants the respondent's motion to dismiss and dismisses Capital One's application for writs of mandamus and prohibition. The alternative writ is no longer in effect. Capital One to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).


Writ dismissed.



LARRY A. JONES, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA A. BLACKMON, J.