OMANS, Appellant,

v.

NORFOLK SOUTHERN RAILWAY, Appellee.

[Cite as *Omans v. Norfolk S. Ry.*, 165 Ohio App.3d 146, 2006-Ohio-325.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1047.

Decided Jan. 27, 2006.

---

E.J. Leizerman and Michael Jay Leizerman, for appellant.

John C. Duffey and Thomas J. Antonini, for appellee.

---

Skow, Judge.

{¶ 1} Plaintiff-appellant, Daniel Omans, appeals the trial court's decision granting a motion to dismiss filed by defendant-appellee, Norfolk Southern Railway ("Norfolk Southern"). For the reasons that follow, the judgment of the trial court is reversed.

{¶ 2} The instant action arises from an accident that occurred on November 14, 2003, while Omans was performing his duties as a conductor for Norfolk Southern in Elkhart, Indiana. According to Omans, a load of lumber on the freight railcar on which he was riding shifted and fell on him during a coupling operation, causing him serious injury. Following the accident, Omans was transported by ambulance to Elkhart General Hospital, where he was admitted to the emergency room. Over the next several days, an Elkhart physician performed two surgeries on Omans's arm.

{¶ 3} On November 25, 2003, Norfolk Southern filed a declaratory judgment action in the Elkhart Circuit Court against Omans, railcar owner CIT Rail Resources, and lumber owner Tolleson Lumber Company. The action sought declaratory judgment as to (1) the rights and obligations of the parties with respect to the inspection and disposition of the involved railcar and load, (2) Norfolk Southern's liability to Omans, and (3) the respective rights and liabilities of the parties with respect to Omans's injuries.

{¶ 4} In December 2003, Omans moved from his home in Elkhart, Indiana to Toledo, Ohio, where he has remained a permanent resident. Omans states that since December 2003, he has been receiving medical treatment from six doctors, two of whom practice in the Toledo area and four of whom practice in Michigan.

{¶ 5} On December 12, 2003, Omans brought suit against Norfolk Southern in Lucas County, Ohio under the Federal Employer's Liability Act ("FELA"), Section 51, Title 45, et seq., U.S.Code, to recover for his injuries. Although Norfolk Southern is incorporated in and maintains its principal place of business in Virginia, it operates in both Indiana and Ohio. CIT Rail has its offices in Chicago, Illinois. Tolleson lumber is based in Perry, Georgia.

{¶ 6} On February 2, 2005, the Lucas County Court of Common Pleas filed an entry of judgment granting Norfolk Southern's motion to dismiss on the basis of

forum non conveniens. Omans timely appealed this entry, raising the following as its sole assignment of error:

{¶ 7} "The trial court abused its discretion in granting defendant/appellee's motion to dismiss for forum non conveniens."

{¶ 8} The Supreme Court of Ohio in *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, adopted the doctrine of forum non conveniens. Under this doctrine, notwithstanding proper jurisdiction and venue, a trial judge has the discretion not to exercise jurisdiction if the forum is seriously inconvenient for trial and if a more appropriate forum is available to the plaintiff. *Hess v. Norfolk* (2003), 153 Ohio App.3d 565, 2003-Ohio-4172, 795 N.E.2d 91, at ¶ 13; see, also, *Ricker v. Bobcat of Orlando, Inc.*, 10th Dist. No. 04AP–481, 2004-Ohio-6070, 2004 WL 2591244, at ¶ 19. The doctrine "is designed to prevent a plaintiff from using a liberal venue statute to vex, oppress, or harass a defendant by bringing a suit in a forum unrelated to the parties or the cause of action." Id., citing *Gulf Oil Corp. v. Gilbert* (1946), 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. A plaintiff's choice of forum should not be disturbed except for "weighty reasons," and the case should be dismissed only when the balance strongly favors the defendant. Id; see, also, *Hess v. Norfolk*, 153 Ohio App.3d 565, 2003-Ohio-4172, 795 N.E.2d 91, at ¶ 13. This is particularly true when a plaintiff has chosen to bring the action in his or her home forum. *Chambers*, 35 Ohio St.3d at 127, 519 N.E.2d 370.

{¶ 9} In determining whether a more convenient forum exists, a trial court must balance all relevant public- and private-interest factors. Relevant public-interest factors include (1) the administrative difficulties and delay to other litigants caused by congested court calendars, (2) the imposition of jury duty upon the citizens of a community that has very little relation to the litigation, (3) a local interest in having localized controversies decided at home, and (4) the appropriateness of litigating a case in a forum familiar with the applicable law. Id. at 127, 519 N.E.2d 370. Relevant private-interest factors include (1) the relative ease of access to sources of proof, (2) availability of compulsory process for attendance of unwilling witnesses, (3) the cost of obtaining attendance of willing witnesses, (4) the possibility of a view of the premises, if a view would be appropriate in the action, and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id. at 126–127, 519 N.E.2d 370. All of the relevant criteria are to be applied flexibly, with each case turning on its own facts. Id. at 126, 519 N.E.2d 370.

{¶ 10} A trial court's forum non conveniens determination may be reversed only upon a clear abuse of discretion. Id. at 127, 519 N.E.2d 370. An appellate court may not conduct a de novo review of the public and private factors

considered by the trial court, but rather must limit its review to a determination of whether the trial court's balancing of the relevant factors was clearly arbitrary or unreasonable. *Mitrovich v. Hammer,* 8th Dist. Nos. 86211 and 86236, 2005-Ohio-5451, at ¶ 5, citing *Welsh v. Estate of Costello* (Aug. 12, 1999), 8th Dist. Nos. 74680 and 74740, 1999 WL 608800.

{¶ 11} In the instant case, the trial court stated the following with respect to Norfolk Southern's motion to dismiss:

{¶ 12} "Elkhart, the site of the accident, is roughly 140 miles and a two-plus hour drive from the Court rather than just several miles. While Mr. Omans now resides in Toledo and his current treating medical and psychological care providers are within a one hour drive from here, Elkhart is where the railroad-employee witnesses and documents are located, and where the treating emergency personnel and facilities are located. The costs of bringing witnesses to this Court from Elkhart would exceed the costs of obtaining them in Elkhart. The likely videotaped deposition costs of Mr. Omans' medical witnesses would be the same in either forum. Thus, the Court finds that the private factors favor Elkhart. The Court also finds that the public factors favor Elkhart: an Elkhart jury would have a much greater interest in adjudicating a claim against a prominent business operating in that area than would a Toledo jury; the Elkhart action is already pending and that case would fully address the relevant issues; and, even though Norfolk Southern operates in Ohio, there is a greater local Elkhart interest in an accident occurring in the Elkhart terminal.

{¶ 13} "The Court is aware that videotaped depositions of medical witnesses is the ordinary method for presenting such testimony at trial.

{¶ 14} "Based on the foregoing, the Court finds that, because 'the ends of justice and convenience of the parties and witnesses' would best be served, Norfolk Southern's motion to dismiss pursuant to the doctrine of forum non conveniens is well-taken and should be granted. *Chambers v. Merrell–Dow Pharmaceuticals, Inc.,* 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph one of the syllabus."

{¶ 15} Upon our review of the case, we find that although there was nothing unreasonable with respect to the trial court's analysis of the individual factors, the trial court's overall balancing of those factors amounted to an abuse of discretion inasmuch as its reasons for granting the motion to dismiss are not especially weighty, and the balance, even if slightly favoring Norfolk Southern, clearly does not weigh strongly enough to justify the extreme remedy of dismissal for forum non conveniens.

{¶ 16} For instance, the trial court found that because the accident site was 140 miles from the Lucas County Court of Common Pleas, "rather than just several

miles," that fact weighed in favor of dismissal. However, as Omans points out, the identical fact could just as easily have been construed the opposite way, as a relatively short distance, which would then have weighed in favor of hearing the case in Lucas County. This equal, but opposite, interpretation has a neutralizing effect on the weight of the trial court's decision and reveals in it a certain arbitrariness that precludes it from being accorded great weight.

{¶ 17} Similarly, in acknowledging that Omans's doctors are within a one hour drive from Lucas County, but that the railroad-employee witnesses and the relevant treating and emergency personnel are located in Elkhart, Indiana, the trial court obviously recognized that approximately half of the potential witnesses are located closer to the Ohio forum, with the other half located closer to the Indiana forum. As evidenced by both the record and the arguments of the parties, it remains unclear exactly which, or even how many, of the potential witnesses on either side would actually be requested to appear at trial. Without this type of showing, we find that little, if any, weight should be given to the trial court's finding that it would be more expensive to bring witnesses to Lucas County than to Elkhart.

{¶ 18} We next look to the trial court's statement that an Elkhart jury would have a "much greater interest" in adjudicating Omans's claim that would a Lucas County jury. Although it was not unreasonable for the trial court to have decided that an Elkhart jury would have the greater interest in hearing a claim against a prominent business operating in Elkhart and that there would be a greater local Elkhart interest in an accident occurring in the Elkhart terminal, it is also reasonable to conclude that because Norfolk Southern operates in both Elkhart and Lucas counties, jurors in both counties would have an equal interest in ensuring that the railway operates safely. It is likewise reasonable to conclude that an Ohio jury would have the greater interest in ensuring that an Ohio resident is fairly compensated for his injuries. Thus, although there was nothing unreasonable about the trial court's determination in favor of Norfolk Southern, because the opposite determination would have been equally valid, the trial court's conclusion that an Elkhart jury would have a "much greater interest" is not particularly compelling and, therefore, is not entitled to much weight.

{¶ 19} On the basis of all of the foregoing, we find that the trial court's reasons for dismissal, while not unreasonable in and of themselves, were insufficiently weighty to warrant dismissal under the doctrine of forum non conveniens. Accordingly, Omans's assignment of error is found well taken.

{¶ 20} The judgment from which this appeal is taken is reversed, and the cause is remanded to the trial court for further proceedings. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's

expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed
and cause remanded.

SINGER, P.J., and HANDWORK, J., concur.