TRAVELERS CASUALTY & SURETY COMPANY, Appellee,

v.

CINCINNATI GAS & ELECTRIC COMPANY et al., Appellees.

[Cite as *Travelers Cas. & Sur. Co. v. Cincinnati Gas & Elec. Co.*, 169 Ohio App.3d 207, 2006-Ohio-5350.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050716.

Decided Oct. 13, 2006.

McCaslin, Imbus & McCaslin and William M. Cussen; Plunkett & Cooney P.C., Charles W. Browning, and Jeffrey C. Gerish, for appellee.

Cinergy Services, Inc., Amy B. Spiller, and Ariane S. Johnson; Plews Shadley Racher & Braun and George M. Plews, for appellees.

***

Per Curiam.

{¶ 1} Plaintiff-appellant, Travelers Casualty & Surety Co., appeals the trial court's dismissal of its complaint for declaratory judgment against defendants-appellees, Cincinnati Gas & Electric Company and Cinergy Corporation, on the grounds of forum non conveniens. We affirm the trial court's judgment.

{¶ 2} The record shows that in 1999, the United States government filed a complaint in the United States District Court for the Southern District of Indiana against Cincinnati Gas & Electric Company ("CG & E"), PSI Energy, Inc. ("PSI"), and their parent company, Cinergy Corporation (collectively, "Cinergy"), for alleged violations of the Clean Air Act. These violations occurred between 1984 and 1997 at three power plants in Indiana operated by PSI and one in Ohio operated by CG & E. Subsequently, Cinergy gave notice to numerous insurance carriers of claims for coverage relating to those violations.

{¶ 3} On October 31, 2000, St. Paul Surplus Lines Insurance Company filed a declaratory-judgment action in Hendricks County, Indiana. Its complaint was limited to a single-site insured under a single policy. On February 2002, Cinergy sought a comprehensive declaratory judgment in Marion County, Indiana, related to coverage from 22 insurance carriers. Subsequently, St. Paul filed an amended complaint in the Hendricks County action and added as plaintiffs all the insurers named in Cinergy's Marion County action, including Travelers. Ultimately, Indiana courts determined that the Hendricks County action was filed first. Consequently, the Marion County action was dismissed, and an Indiana appellate court affirmed that dismissal. See *Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.* (Ind.App.2003), 785 N.E.2d 586.

{¶ 4} After Travelers was joined as a plaintiff in the Hendricks County action, Cinergy filed a counterclaim seeking a declaratory judgment about coverage under the various insurance policies, including Travelers'. Litigation and discovery have continued in the Hendricks County case, and it has spawned two other appeals. See *Cinergy Corp. v. St. Paul Surplus Lines Ins. Co.* (Ind.App.2005), 838 N.E.2d 1104; *Safety Natl. Cas. Co. v. Cinergy Corp.* (Ind.App.2005), 829 N.E.2d 986.

{¶ 5} On August 5, 2002, Travelers filed this action against Cinergy, CG & E, and numerous insurance companies, asking the court to declare the rights of the

parties in relation to those violations that arose out of the Ohio plant. Cinergy filed a motion to stay the proceedings pending the outcome of the previously filed actions in Indiana or to dismiss the action on the ground of forum non conveniens. The trial court granted the motion to dismiss, and Travelers filed this appeal.

{¶ 6} In its sole assignment of error, Travelers states that the trial court erred in dismissing the case on the basis of forum non conveniens. First, it argues that the court failed to undertake a proper analysis of the pertinent factors. It also argues that Cinergy failed to meets its burden of demonstrating that the factors weighed in favor of dismissal. This assignment of error is not well taken.

{¶ 7} The doctrine of forum non conveniens permits a court to dismiss an action to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff. *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 125, 519 N.E.2d 370; *Stidham v. Butsch,* 163 Ohio App.3d 227, 2005-Ohio-4591, 837 N.E.2d 433, ¶ 8. In determining whether dismissal on the basis of forum non conveniens is proper, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state. *Chambers,* 35 Ohio St.3d at 126–127, 519 N.E.2d 370; *Stidham,* 163 Ohio App.3d 227, 2005-Ohio-4591, 837 N.E.2d 433, ¶ 8.

{¶ 8} Important private interests include (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Chambers,* 35 Ohio St.3d at 126–127, 519 N.E.2d 370; *Omans v. Norfolk S. Ry.,* 165 Ohio App.3d 146, 2006-Ohio-325, 844 N.E.2d 1259, ¶ 9.

{¶ 9} Important public interests include (1) the administrative difficulties and delay to other litigants caused by congested court calendars; (2) the imposition of jury duty upon the citizens of a community that has very little relation to the litigation; (3) a local interest in having localized controversies decided at home; and (4) the appropriateness of litigating a case in a forum familiar with the applicable law. *Chambers,* 35 Ohio St.3d at 127, 519 N.E.2d 370; *Omans,* 165 Ohio App.3d 146, 2006-Ohio-325, 844 N.E.2d 1259, at ¶ 9.

{¶ 10} The decision whether to grant a motion to dismiss on the basis of forum non conveniens rests with the trial court's discretion, the exercise of which an appellate court may reverse only upon a showing of an abuse of that discretion. *Chambers,* 35 Ohio St.3d at 127, 519 N.E.2d 370; *Stidham,* 163 Ohio App.3d 227, 2005-Ohio-4591, 837 N.E.2d 433, at ¶ 9. "[W]here the court has

considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Chambers,* 35 Ohio St.3d at 127, 519 N.E.2d 370, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 511–512, 67 S.Ct. 839, 91 L.Ed. 1055.

{¶ 11} First, Travelers argues that the trial court's one-sentence judgment entry does not demonstrate that the court considered the public- and private-interest factors. While the trial court must consider the factors, we find no case law requiring that the trial court specifically spell out its analysis of those factors. See *Mitrovich v. Hammer,* 8th Dist. Nos. 86211 and 86236, 2005-Ohio-5451, 2005 WL 2593264, ¶ 9–10; *Commercial Union Ins. Co. v. Great Am. Ins. Co.* (1997), 124 Ohio App.3d 1, 7, 705 N.E.2d 370. In this case, the parties extensively briefed and argued the issues, and the record shows that the trial court considered the pertinent factors.

{¶ 12} Further, under the "invited error" doctrine, a party may not take advantage of an error that the party invited or induced the trial court to make. *Hal Artz Lincoln–Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph one of the syllabus; *Siuda v. Howard,* 1st Dist. Nos. C–000656 and C–000687, 2002-Ohio-2292, 2002 WL 946188, ¶ 100. Even if the trial court erred in failing to set forth its analysis, Travelers invited the error.

{¶ 13} The record shows that the trial court held a "lengthy oral argument" on Cinergy's motion to stay or dismiss the action. Travelers acknowledged that the court had granted Cinergy's motion, "clearly explaining the reasons for that decision on the record." Cinergy prepared what Travelers described as a "lengthy (5[-]page) proposed order comprised of numerous (and unsupported and inaccurate) conclusions of law and findings of fact."

{¶ 14} Travelers notified Cinergy that its proposed order was unacceptable. Travelers stated that it had suggested to Cinergy "that a simple order was more appropriate." When Cinergy refused to agree with its proposed alternative order, Travelers submitted the order to the court. That entry stated only that the court had granted the motion for the reasons stated in the record on the date of the hearing. The trial court's entry was substantially similar to Traveler's proposed order. Travelers cannot now contend that the trial court erred in doing what it had asked the court to do.

{¶ 15} Next, Travelers contends that Cinergy failed to meet its burden of demonstrating that the public- and private-interest factors weighed in favor of dismissal. It points out that generally, a plaintiff's choice of forum deserves great deference, which a court should not disturb except for "weighty reasons." *Chambers,* 35 Ohio St.3d at 127, 519 N.E.2d 370; *Omans,* 165 Ohio App.3d 146,

2006-Ohio-325, 844 N.E.2d 1259, at ¶ 8. But in this case, Ohio is not Travelers's home forum. A foreign plaintiff's choice of forum deserves less deference than that of a plaintiff who has chosen his or her home forum. *Stidham,* 163 Ohio App.3d 227, 2005-Ohio-4591, 837 N.E.2d 433, at ¶ 8.

{¶ 16} In this case, numerous factors weighed in favor of litigating the case in Indiana. The Hendricks County case was filed before this action. It was comprehensive and, while not exactly identical to the Ohio action, covered the same issues. See *Glidden Co. v. HM Holdings, Inc.* (1996), 109 Ohio App.3d 721, 725, 672 N.E.2d 1108. The private-interest factors—access to sources of proof, witnesses subject to compulsory process, and ability to inspect premises—favored Indiana. Cinergy is the parent corporation of both CG & E and PSI, which is located in Indiana. While CG & E is located in Ohio, the underlying litigation involved only one Ohio plant, but three Indiana plants. The bulk of it involved the three PSI plants in Indiana. Twenty-eight claims were from Indiana, while only six were from Ohio. While some witnesses were located in Ohio, many were also located in Indiana. Many were also from out-of-state, specifically from federal agencies, and would not have had an interest in either state.

{¶ 17} The public-interest factors also did not favor Ohio. The Ohio case was duplicative of the Indiana case. Little justification existed for burdening an Ohio court with a small part of a comprehensive insurance-coverage dispute that was already pending in its entirety in Indiana before Travelers filed its Ohio suit, particularly after several years of discovery, motions, and appeals in the Indiana case.

{¶ 18} Further, Ohio had no overriding interest in deciding this case. It did not involve a localized controversy. It was a broad action for insurance coverage first filed and long pending in Indiana, with a majority of claims originating in Indiana. The issue of insurance coverage for the Ohio plant was a small part of the controversy. Travelers' analysis of the factors treats the Ohio part of the action as the entire dispute.

{¶ 19} Of course, some of the factors did favor Ohio as a forum. But we do not review the issue de novo. Instead, we must determine whether the trial court's balancing of the pertinent factors was clearly unreasonable. *Omans,* 165 Ohio App.3d 146, 2006-Ohio-325, 844 N.E.2d 1259, at ¶ 10; *Commercial Union Ins. Co.,* 124 Ohio App.3d at 7, 705 N.E.2d 370.

{¶ 20} Travelers argues that because Ohio law applied to Travelers' policy, Ohio was the preferred jurisdiction to hear the action. First, no court has determined that Ohio law applies. Second, "[t]he mere fact that a colorable argument in favor of applying Ohio law may be made does not render the court's decision an abuse of discretion." Id. at 8, 705 N.E.2d 370.

{¶ 21} After considering all the pertinent factors, we cannot hold that the trial court's decision to dismiss the case on the basis of forum non conveniens was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See *Stidham*, 163 Ohio App.3d 227, 2005-Ohio-4591, 837 N.E.2d 433, at ¶ 9. Consequently, we overrule Travelers' sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

HILDEBRANDT, P.J., and HENDON, J., concur.

RUPERT A. DOAN, J., was a member of the panel, but died before the release of this decision.