OPINION
{¶ 1} Raymond T. Lee, III, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court sustained the motion to dismiss for lack of personal jurisdiction or, alternatively, for forum non conveniens, filed by Elizabeth Burnett, Greg Tompkins, and G. Patrick Connors, III, defendants-appellees.
 {¶ 2} According to appellant's complaint, in September 2000, appellant and Burnett commenced a romantic affair in San Diego, California. Appellant was married and, after disclosing his affair to his spouse, appellant, his spouse, and their children moved to Dublin, Ohio, in July 2001. Appellant and Burnett continued to communicate, and appellant claims Burnett asked him to leave his wife and children in October 2003. *Page 2 
After telling his wife and children he was leaving them for Burnett, but prior to appellant traveling to California on his planned date of November 8, 2003, Burnett told appellant that she did not want him to come to California and that their relationship was over. Appellant claims Burnett was already seeing Tompkins, and the two had concocted the plan and conspired to cause him anguish.
 {¶ 3} From late 2004 through May 2005, Tompkins was the target of several misdeeds, including the posting of a false profile on a "personal ads" website proclaiming Tompkins to be a cross-dresser, bisexual, and one looking for others to fulfill various sexual fantasies; the delivery of anonymous letters to his neighbors and co-employees containing printouts of the website profile; the delivery of anonymous letters to Tompkins' home and place of employment accusing him of engaging in certain sexual practices; and the delivery of anonymous letters to school officials and child protective services in California accusing Tompkins of molesting Burnett's daughters. Based on these incidents, in May 2005, Tompkins, represented by Connors, filed a defamation action in San Diego, California, naming a "personal ads" website and several John Doe defendants. Through various legal means, Tompkins eventually discovered that appellant was the subscriber for the IP address from which the website profile had been created.
 {¶ 4} On July 26, 2005, Burnett sent appellant an e-mail entitled "Can We Talk." Appellant e-mailed Burnett a reply, in which he stated that he was currently living in Ohio, but he would talk to her. Burnett replied on July 27, 2005, by requesting that appellant telephone her that evening. Appellant telephoned Burnett, and he spoke to her twice that evening. Burnett claimed appellant was the source of several pieces of pejorative materials regarding Tompkins and stated that, if something could not be worked out, she *Page 3 
and Tompkins would sue appellant. After some discussion, appellant claimed in his complaint, Burnett offered that Tompkins would not name appellant as a defendant in Tompkins' then pending California lawsuit if appellant were to write an apology to Tompkins. On July 28, 2005, appellant e-mailed an apology to Burnett and Tompkins. In August 2005, Connors filed a motion to substitute appellant as a John Doe in the California lawsuit, and appellant was subsequently named a defendant.
 {¶ 5} On July 26, 2006, appellant filed a complaint in the present action against Burnett, Tompkins, and Connors (collectively hereafter "appellees") in the Franklin County Court of Common Pleas, alleging breach of contract, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. On September 20, 2006, appellees filed a motion to dismiss for lack of personal jurisdiction, pursuant to Civ.R. 12(B)(2), and improper venue, pursuant to Civ.R. 12(B)(3), or, in the alternative, for forum non conveniens. On December 11, 2006, without holding an evidentiary hearing, the trial court issued a decision and entry granting appellees' motion to dismiss. The trial court found that appellant set forth a prima facie case for personal jurisdiction; however, the court concluded that appellees did not have sufficient minimum contacts with Ohio, the exercise of personal jurisdiction over appellees would not comport with fair play and substantial justice, and the exercise of personal jurisdiction would violate appellees' due process rights. Alternatively, the trial court also concluded that dismissal was warranted based upon forum non conveniens.
 {¶ 6} In August 2006, appellant filed an action in California against the same parties named in the present case, alleging defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Appellant's claims in that action *Page 4 
were based upon the allegations made by Tompkins in his earlier California action against appellant.
 {¶ 7} Appellant now appeals the judgment of the Franklin County trial court, asserting the following assignments of error:
 [I.] The Trial Court erred by improperly engaging in fact finding without an evidentiary hearing and drawing disputed inferences adverse to the Plaintiff/Appellant.
 [II.] The Trial Court erred in determining that the exercise of in personum jurisdiction over Appellees in this action would violate their Due Process rights.
 [III.] The Trial Court erred in its alternative holding dismissing this action based on the doctrine of forum nonconveniens.
 {¶ 8} Because they are dispositive of the appeal, we will address appellant's first and third assignments of error first. Appellant argues in his first assignment of error that the trial court erred when it improperly engaged in fact finding without an evidentiary hearing and drew disputed inferences adverse to appellant. Appellant argues in his third assignment of error that the trial court erred in dismissing the action based upon the doctrine of forum non conveniens. The doctrine of forum non conveniens permits a court to dismiss an action in order to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff. Chambers v. Merrell-Dow Pharmaceuticals,Inc. (1988), 35 Ohio St.3d 123. The doctrine is designed to prevent a plaintiff from using a liberal venue statute to vex, oppress or harass a defendant by bringing a suit in a forum unrelated to the parties or cause of action. Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 67 S.Ct. 839.
 {¶ 9} In determining whether a dismissal is proper on the basis of forum non conveniens, the trial court must consider the facts of each case, balancing the private *Page 5 
interests of the litigants and the public interest involving the courts and citizens of the forum state. See id. Important private interests include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. Chambers, at 126-127, citing Gulf Oil, supra, at 508. Public interest factors to be considered include the administrative difficulties and delay to other litigants caused by congested court calendars; the imposition of jury duty upon the citizens of a community which has very little relation to the litigation; a local interest in having localized controversies decided at home; and the appropriateness of litigating a case in a forum familiar with the applicable law. Id., at 127, citing Gulf Oil, supra, at 508-509. Because the central purpose of a forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice of forum deserves less deference than that of a plaintiff who has chosen his home forum. See id., at 127.
 {¶ 10} The forum non conveniens determination is committed to the sound discretion of the trial court. Id. It may be reversed only when there has been a clear abuse of discretion. Id. Where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference. Id. An abuse of discretion means that the trial court's decision was unreasonable, arbitrary or unconscionable. SeeBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} After a review of the record, and, after balancing the private interests of the litigants and the public interest involving the courts and citizens of Ohio, we find the trial *Page 6 
court did not abuse its discretion in finding that dismissal was proper on the basis of forum non conveniens. With regard to the private interests, the vast majority of the sources of proof and potential witnesses are located in California. The affair that ignited this entire saga commenced and endured solely in California between appellant and Burnett, which thereafter forced appellant to move to Ohio with his family. Importantly, the state of origin for all of the actions at issue in the present case also was California. Appellant alleges in his complaint that Burnett offered the alleged contract, made fraudulent representations, made misrepresentations, and inflicted emotional distress all while she resided in California. The complaint also details that the actions from which Burnett and Tompkins were supposed to abstain in exchange for the apology were actions to be undertaken in California. The complaint further indicates that Burnett and Tompkins "conspired" in their plot against appellant while in California, Tompkins filed an action in May 2005 in California based upon the same general underlying facts, and Connors caused appellant to be named as a defendant in the California proceeding in August 2005. Although appellant protests in his first assignment of error that the May 2005 California action was one for defamation, while his present action is for fraud, breach of contract, and infliction of emotional distress, actions pending in another state need not be exactly identical to the Ohio action in order to find Ohio an inconvenient forum, so long as the cases cover the same issues. See Travelers Cas. Sur. Co. v. CincinnatiGas Elec. Co., 169 Ohio App.3d 207, 2006-Ohio-5350, at ¶ 16. Here, the two actions share the same genesis, and appellant recounts the same facts underlying the California action in the complaint in the present case and uses these events as a factual predicate for the present causes of action. Both cases are inextricably factually *Page 7 
intertwined, and the record suggests an overlapping of evidentiary support. Further, the complaint indicates that all three appellees are residents of California, and we note that Burnett avers in an October 2006 affidavit that appellant continued to maintain ownership of a home in California as of that date.
 {¶ 12} In addition, most of the evidence of the misdeeds committed against Tompkins is located in California. The various anonymous letters and printouts of the website posting were sent to and presumably remain in California, and Tompkins' neighbors, co-employees, and family members who received the letters and printouts all reside in California and likely would be witnesses in any court proceedings. Also located in California are the anonymous letters sent to California school officials, California law enforcement authorities, and California child protective services employees, as well as those potential witnesses who received the letters. In contrast, the only evidence or factual witness located in Ohio seems to be appellant. Although appellant argues under his first assignment of error that Burnett initiated the initial conversation that precipitated her alleged fraud, breach of contract, and emotional distress, appellant voluntarily undertook most of the proceeding actions, e-mailing and telephoning Burnett in California and other locales numerous times of his own accord. Appellant admits he purposely sent to Burnett in California, via e-mail and regular U.S. mail, the communications that included his apology. Burnett also averred in an affidavit that she had no idea where appellant was physically located when she spoke to him on July 27, 2005, on his cell phone, thereby undermining the suggestion that Burnett could have been expected to be sued in Ohio. It is true that several of appellant's own actions occurred while he was in Ohio, and such would favor an Ohio forum. But we do not review the issue de novo. *Page 8 
Instead, we determine whether the trial court's balancing of the pertinent factors was clearly unreasonable. Omans v. Norfolk S.Ry., 165 Ohio App.3d 146, 2006-Ohio-325, at ¶ 10. Therefore, after balancing the above with appellant's largely passive Ohio activities, we agree with the trial court that Ohio is a much more burdensome forum than California, and any action in Ohio would present practical problems, would hamper the expeditious administration of justice, and add substantial, unnecessary expense to the proceedings.
 {¶ 13} With regard to the public interest factors, for the reasons stated above, to impose jury duty upon the citizens of Ohio for the determination of an action that concerns largely evidence, witnesses, and acts that took place in California and bears little relation to Ohio interests, would be unreasonable. Again, the only "local interest" in the present case is that appellant moved from California to Ohio and resided in this state during the course of events. The remaining elements of the actions all concern California, its residents, and acts undertaken by its residents. With the exception of appellant's residency in Ohio from July 2001, to the time of the alleged wrongdoings, there is nothing about the controversy that is "localized." Although some consideration is given to the fact that appellant has chosen his home forum rather than a forum unrelated to any of the parties, acts or evidence, we do not find such fact significant enough to tip the scales in favor of permitting the action to go forward in Ohio. Additionally, administrative difficulties could arise based upon the location of much of the evidence and many of the witnesses in California. The acquisition of evidence from a distant locale and the scheduling and subpoenaing of foreign witnesses could delay proceedings and adversely affect the management of the local judicial docket. *Page 9 
 {¶ 14} Therefore, after considering all the pertinent factors, we cannot hold that the trial court's decision to dismiss the case on the basis of forum non conveniens was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Stidham v.Butsch, 163 Ohio App.3d 227, 2005-Ohio-4591, at ¶ 9. Further, appellant claimed that Tompkins and Connors were subject to the jurisdiction of Ohio courts based upon an agency relationship with Burnett. However, as we have found that Ohio is not a convenient forum for the action against Burnett, the action is also not the proper forum for an action against Tompkins and Connors. For this reason, appellant's first and third assignments of error are overruled.
 {¶ 15} Appellant argues in his second assignment of error that the trial court erred in dismissing this action based on the lack of personal jurisdiction. However, as we have already found that the trial court properly dismissed appellant's cause of action based upon the doctrine of forum non conveniens, whether the trial court erred in its dismissal based upon lack of personal jurisdiction is moot. Therefore, appellant's second assignment error is rendered moot.
 {¶ 16} Accordingly, appellant's first and third assignments of error are overruled, appellant's second assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1