OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Ghanshyam C. Patel, from a judgment of the Franklin County Court of Common Pleas, dismissing appellant's case on the basis of forum non conveniens, and denying appellant's motion for attorney fees.
 {¶ 2} On July 20, 2006, appellant filed a complaint against defendants-appellees, Raman C. Patel, Jay Jayanthan, Bhogilal M. Modi, and Jeremiah P. Byrne, seeking declaratory judgment, injunctive relief, and specific performance. The complaint alleged *Page 2 
that appellant was the president and chief operating officer for ComScape Holding, Inc. ("ComScape"), a close corporation, and that the named defendants were all directors and shareholders of ComScape. It was alleged that appellant and appellees executed a close corporation agreement on November 17, 1995; further, that a special meeting of ComScape's board of directors was initiated by appellees on July 18, 2006, whereby appellees adopted resolutions to limit appellant's authority. Appellant alleged that such actions by appellees constituted a breach of the close corporation agreement.
 {¶ 3} On July 20, 2006, the trial court granted a temporary restraining order ("TRO") against appellees, restraining appellees "from taking any action against Ghany Patel as described in the July 19, 2006, notice of Special Meeting of the Board of Directors at the Special Board of Directors Meeting to be held on July 21, 2006." Appellant filed a motion on July 26, 2006, seeking an order that appellees be required to show cause as to why they should not be held in contempt for violating the trial court's order. By entry filed July 28, 2006, the trial court found appellees in contempt for violating the court's prior order, and the court ordered appellees to refrain from any action to elect members to the board of directors, or from taking any action against appellant until the court conducted its preliminary injunction hearing on August 4, 2006. The court found that appellant was entitled to reasonable attorney fees regarding the contempt motion, subject to the court's approval.
 {¶ 4} On July 28, 2006, appellees filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1), (2), and (6). Alternatively, appellees sought dismissal or transfer of the action under the doctrine of forum non conveniens on the basis that all parties to the action were Florida residents, and that any potential breach involved alleged *Page 3 
conduct occurring in Florida. Appellant filed a memorandum contra the motion to dismiss. On August 2, 2006, appellant filed an amended complaint to include ComScape as a defendant to the action.
 {¶ 5} On August 3, 2006, appellees filed a motion requesting the trial court to vacate or, alternatively, to reconsider the contempt order of July 28, 2006. On August 4, 2006, appellant filed a motion for attorney fees.
 {¶ 6} By decision filed August 22, 2006, the trial court granted appellees' motion to dismiss on the basis of forum non conveniens, and granted transfer of the case "conditioned on plaintiff's `refiling of the action in the alternate forum with defendants] consenting to its jurisdiction.'" By separate decision filed on that same date, the court denied appellants' request for preliminary injunctive relief.
 {¶ 7} On August 25, 2006, appellant filed a motion for reconsideration of the trial court's decision granting appellees' motion to dismiss. On November 22, 2006, the trial court issued a decision denying appellant's motion for reconsideration, and denying appellant's motion for attorney fees.
 {¶ 8} On November 29, 2006, appellant filed a motion for reconsideration of the court's decision to deny attorney fees, which the trial court subsequently denied. The trial court entered a second order of dismissal on March 14, 2007, including the provision that, in the event appellant refiled his action against appellees in the 15th Judicial Circuit Court, Palm Beach County, Florida, appellees "consent to the jurisdiction of that court."
 {¶ 9} On appeal, appellant sets forth the following two assignments of error for this court's review: *Page 4 
 FIRST ASSIGNMENT OF ERROR:
 The trial court erred in dismissing this case on the basis of forum non conveniens.
 SECOND ASSIGNMENT OF ERROR:
 The trial court erred in refusing to award attorney's fees.
 {¶ 10} Under the first assignment of error, appellant asserts the trial court erred in dismissing the case on the basis of forum non conveniens. More specifically, appellant argues that the trial court erred in failing to enforce a forum selection clause in the employment agreement between appellant and ComScape. Alternatively, appellant argues that, even assuming the trial court properly undertook a forum non conveniens analysis, the court abused its discretion in dismissing the case.
 {¶ 11} We initially address appellant's argument that the trial court erred in failing to enforce the provisions of a forum selection clause in the employment agreement. In its decision granting appellees' motion to dismiss, the trial court rejected appellant's contention that the agreement contained a forum selection clause, instead construing the language as setting forth a choice of law provision.
 {¶ 12} At issue is Section 20 of the employment agreement, which states in relevant part:
 This Agreement shall be governed by and construed in accordance with the substantive law of the State of Ohio. The parties intend to and hereby do confer jurisdiction upon the courts of any jurisdiction within the State of Ohio to determine any dispute arising out of or related to this Agreement, including the enforcement and the breach hereof. * * *
 {¶ 13} In general, "the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants *Page 5 
may consent to the personal jurisdiction of a particular court system."Preferred Capital, Inc. v. Power Engineering Group, Inc.,112 Ohio St.3d 429, 2007-Ohio-257, at ¶ 6. One such legal arrangement is a forum selection clause, and forum clauses are enforceable under Ohio law "so long as they are reasonable and just." Premier Assoc, Ltd. v.Loper, 149 Ohio App.3d 660, 2002-Ohio-5538, at ¶ 49. Courts distinguish between "mandatory" and "permissive" forum selection clauses. ArgussCommunications Group, Inc. v. Teletron (D.N.H.1999), Case No. 99-257-JD. In EI UK Holdings, Inc. v. Cinergy UK, Inc., Summit App. No. 22326,2005-Ohio-1271, at ¶ 20-21, the court discussed the distinction between mandatory and permissive clauses, holding in part:
 * * * "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." * * * KV Scientific [v. Bayerische Motoren Werke Aktiengesellschaft (C.A.10, 2002) 314 F.3d 494], at 498 * * *
 Where venue is specified with mandatory language, the clause will be enforced. John Boutari Son Wine Spirits, S.A. v. Attiki Importers Dist. Inc. (C.A.2, 1994), 22 F.3d 51, 53 * * * Where a forum selection clause states "mandatory or obligatory language," it is a mandatory clause that limits litigation to the designated venue. * * * However, "when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." * * *
(Citations omitted.)
 {¶ 14} It has been held that a mandatory forum selection clause "must clearly display the intent of the contracting parties to choose a particular forum to the exclusion of all other." ArgussCommunications, supra. A crucial distinction between a mandatory and permissive clause is "whether the clause only mentions jurisdiction or specifically refers to *Page 6 
venue." Id. In instances where "venue is specified in a mandatory forum selection clause, the clause generally will be enforced." Cheap EscapeCo., Inc. v. Haddox, LLC, Franklin App. No. 06AP-1107, 2007-Ohio-4410, at ¶ 11, citing EI UK Holdings, supra.
 {¶ 15} In EI UK Holdings, supra, the court considered whether the language of a forum selection clause was mandatory or permissive. In finding the clause at issue in that case to be permissive, the court deemed it significant that the clause: (1) provided "no reference whatsoever to venue"; (2) did "not contain any language to indicate an intent on behalf of the parties to make jurisdiction exclusive"; and (3) had no language indicating that a suit elsewhere was forbidden. Id., at ¶ 22.
 {¶ 16} Similarly, in the present case, the clause cited by appellant does not reference venue, does not contain words of exclusivity, and does not prohibit suit elsewhere. Rather, while the clause authorizes jurisdiction in Ohio, it does not make that jurisdiction exclusive. Thus, because the language at issue is permissive, even assuming the trial court erred in finding the clause to be solely a choice-of-law provision, the court did not err in failing to treat the clause as a waiver of appellees' right to assert the doctrine of forum non conveniens. Accordingly, we review the trial court's decision under normal forum non conveniens analysis.
 {¶ 17} In Lee v. Burnett, Franklin App. No. 07AP-40, 2007-Ohio-3742, at ¶ 8-9, this court discussed the doctrine of forum non conveniens, including the relevant factors to be considered in determining whether to dismiss an action, stating as follows:
 * * * The doctrine of forum non conveniens permits a court to dismiss an action in order to further the ends of justice and to promote the convenience of the parties, even though jurisdiction and venue are proper in the court chosen by the plaintiff. Chambers v. Merrell-Dow Pharmaceuticals, Inc. *Page 7 
(1988), 35 Ohio St.3d 123 * * * The doctrine is designed to prevent a plaintiff from using a liberal venue statute to vex, oppress or harass a defendant by bringing a suit in a forum unrelated to the parties or cause of action. Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 67 S.Ct. 839 * * *
 In determining whether a dismissal is proper on the basis of forum non conveniens, the trial court must consider the facts of each case, balancing the private interests of the litigants and the public interest involving the courts and citizens of the forum state. See id. Important private interests include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. Chambers, at 126-127, citing Gulf Oil, supra, at 508. Public interest factors to be considered include the administrative difficulties and delay to other litigants caused by congested court calendars; the imposition of jury duty upon the citizens of a community which has very little relation to the litigation; a local interest in having localized controversies decided at home; and the appropriateness of litigating a case in a forum familiar with the applicable law. Id., at 127, citing Gulf Oil, supra, at 508-509. Because the central purpose of a forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice of forum deserves less deference than that of a plaintiff who has chosen his home forum. See id., at 127.
 {¶ 18} A forum non conveniens dismissal is committed to the sound discretion of the trial court, and may be reversed only where there has been a clear abuse of discretion. Lee, supra, at ¶ 10. Further, a reviewing court "must not reweigh the public and private factors relevant to the trial court's disposition of the motion." Study v. StateFarm Mut. Auto. Ins. Co. (Sept. 24, 1997), Lorain App. No. 96CA006654. Rather, in instances where the trial court has considered all the relevant public and private interest factors, and where the court's "balancing of these factors is reasonable, its decision deserves substantial deference." Lee, supra, at ¶ 10. *Page 8 
 {¶ 19} According to affidavits submitted by appellees, ComScape is an Ohio corporation with its principal place of business in West Palm Beach, Florida, where it has been located since 1998; although incorporated in Ohio, ComScape does not maintain any offices in Ohio. Each appellee is a resident of Florida, and appellees averred that all of the actions complained of by appellant took place within the state of Florida.
 {¶ 20} In the instant case, the trial court performed the private-public interest analysis, and concluded that both private and public interests supported dismissal. Regarding the private interests, the court first found that ease of access to sources of proof favored dismissal, as the relevant documents, the non-party witnesses, as well as the company, are all located in Florida. The court also determined that the cost and means of obtaining attendance of witnesses favored dismissal, citing the fact that the cost of obtaining the attendance of even willing witnesses would be greater if the case were tried in Ohio.[1] Finally, the court cited other "practical problems" that could result from litigating in Ohio, finding that any problems associated with evidentiary materials would likely be exacerbated by the witnesses and documents being located in Florida, and noting that all appellees are located in Florida.
 {¶ 21} Regarding the public interests, the trial court determined that three of the four relevant factors favored dismissal. More specifically, the court found that litigation in Ohio would result in a certain amount of administrative difficulties and delays, i.e., witnesses and documents being brought from Florida. Further, the court found that imposing jury duty on the citizens of Ohio, having little relationship to the litigation, favored *Page 9 
dismissal. Finally, because the dispute largely concerns property and actions outside Ohio, the court concluded that the third public factor, the local interest in having localized controversies decided at home, supported dismissal. The court found the sole public factor weighing "somewhat" against dismissal to be the choice-of-law provision in the employment agreement, providing that Ohio law governs.
 {¶ 22} Appellant contends that the trial court significantly underestimated Ohio's interest in the litigation, while overestimating the difficulty of litigating in Ohio. Appellant argues that the only facts weighing in favor of dismissal are that ComScape's headquarters have been moved to Florida, and that the director-appellees are all residents of Florida. Appellant maintains that, while those circumstances may cause some inconvenience, the trial court vastly overemphasized the problems that could entail. Appellant also cites the fact that the case is governed by Ohio law.
 {¶ 23} Notwithstanding appellant's arguments, we find no abuse of discretion by the trial court. In its decision granting dismissal, the trial court deemed relevant that the parties reside in Florida, the company is currently located in Florida, the pertinent documents, as well as non-party witnesses, are located in Florida, and that the dispute largely concerns property and actions occurring outside Ohio. While appellant places emphasis on one of the public factors, i.e., that the agreement is to be interpreted under Ohio law, "there is no rigid rule to govern a trial court's broad discretion to change the place of trial on grounds of forum non conveniens." (Emphasis sic.)Study, supra ("even assuming that Ohio law would apply, the trial court did not abuse its discretion in finding the Georgia forum more convenient [where] [o]ther factors favoring dismissal entered into the balance"). See, also, Commercial Union Ins. Co. v. Great Am. Ins.Co. (1997), *Page 10 124 Ohio App.3d 1, 8 ("[t]he mere fact that a colorable argument in favor of applying Ohio law may be made does not render the court's decision an abuse of discretion").
 {¶ 24} Upon review, we find that the trial court could have reasonably concluded, in balancing the private and public interest factors, that such factors favored litigation of the case in Florida rather than Ohio. Finding no abuse of discretion by the trial court in dismissing the case on the basis of forum non conveniens, appellant's first assignment of error is without merit and is overruled.
 {¶ 25} Under his second assignment of error, appellant asserts that the trial court erred in refusing to award attorney fees arising out of appellant's motion for contempt. As noted under the facts, on July 26, 2006, appellant filed a motion seeking an order that appellees be required to show cause as to why they should not be held in contempt for violating the trial court's order of July 20, 2006. The trial court subsequently found appellees in contempt. On August 4, 2006, appellant filed a motion for attorney fees. In the motion, appellant contended that his "attorneys spent 40.75 hours preparing for and attending" the hearing on appellant's emergency motion to show cause, and that "[t]he total amount of attorneys' fees associated with the Contempt Motion are $10,311.25." On August 15, 2006, appellees filed a brief in opposition to appellant's motion for attorney fees, asserting in part that the motion for attorney fees was not supported by any evidentiary materials. Appellant subsequently filed a reply brief, attaching to the brief the affidavit of Matthew L. Fornshell, counsel for appellant.
 {¶ 26} By decision filed November 22, 2006, the trial court denied appellant's motion for attorney fees. In its decision, the court found that, while appellant's motion asserted that his attorneys had spent 40.75 hours preparing for the hearing on the motion *Page 11 
for contempt, and that the total amount of attorney fees associated with the motion amounted to $10,311.25, such assertions were "unsupported by a log of time spent or any other evidence from which the Court may determine whether the attorney fees sought are reasonable."
 {¶ 27} Appellant argues that, contrary to the trial court's determination, he did supply evidence in support of his fee motion, citing the affidavit of Fornshell. Appellant contends the trial court never indicated that production of detailed billing statements was necessary.
 {¶ 28} In general, notwithstanding the absence of a statute specifically authorizing attorney fees, a trial court may, within its discretion, grant an award of attorney fees as part of a finding of contempt. Groza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio-3815, at ¶ 44. Because an award of attorney fees is a matter within the sound discretion of the trial court, a reviewing court will not disturb a trial court's decision regarding a motion for fees absent an abuse of discretion. Hoeppner v. Jess Howard Elec. Co., 150 Ohio App.3d 216,2002-Ohio-6167, at ¶ 49. A party seeking an award of attorney fees "bears the burden of proof to establish their reasonableness."Groza-Vance, supra, at ¶ 44.
 {¶ 29} In the present case, appellant's August 4, 2006 motion for attorney fees was not supported by affidavit or other documents. In a reply brief, appellant attached the affidavit of one of his attorneys, who averred that 40.75 hours were expended in filing the contempt motion, including 16 hours at a billing rate of $295 per hour, 6.75 hours at a rate of $375 per hour, and 18 hours at a rate of $170 per hour. Appellant, however, did not provide the trial court with any time or billing records substantiating the requested fees. *Page 12 
Here, where the sole evidence submitted by appellant in support of fees was the affidavit of appellant's counsel who, in addition to averring that 40.75 hours were expended on the contempt motion, stated in a conclusory manner that the time expended was "reasonable and necessary," we find that the trial court did not act arbitrarily in determining that, absent any supporting documentation, the evidence was insufficient to demonstrate the reasonableness of the requested fees. Accordingly, the trial court did not abuse its discretion in ruling on the motion for fees, and appellant's second assignment of error is overruled.
 {¶ 30} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
[1] The trial court found that the factor regarding a view did not favor either dismissal or retention because the necessity of a view was unlikely. *Page 1